[NOT FOR PUBLICATION - NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

————————————

No. 99-1295

KAVEH L. AFRASIABI,
Plaintiff, Appellant,

v.

HARVARD UNIVERSITY; HARVARD UNIVERSITY
POLICE DEPARTMENT; RICHARD W. MEDEROS; FRANCIS RILEY;
LAUREEN DONAHUE; CENTER FOR MIDDLE EASTERN STUDIES;
ROY P. MOTTAHEDEH; REZA ALAVI and SHOBHANA RANA,
Defendants, Appellees.

————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

————————————

Before

Selya and Lynch, Circuit Judges, and

Schwarzer,[*] Senior District Judge

————————————

John G. Swomley, with whom Kaveh L. Afrasiabi, pro se, on
briefs, for appellant.
Richard J. Riley, with whom John P. Coakley, Murphy & Riley,
P.C., Carol A. Kelly, Martin, Magnuson, McCarthy & Kenney, Michael
R. Byrne, John F. Rooney, III, and Melick, Porter & Shea, LLP, on
briefs for appellees.

————————————

July 1, 2002

————————————

[*]The Honorable William W Schwarzer, Senior United States
District Judge for the Northern District of California, sitting by
designation.

**Per Curiam**.  This action arises out of Kaveh Afrasiabi's arrest by officers of the Harvard University Police Department (HUPD) on a warrant charging him with extortion and threats.  The events that led to the filing of this action relate to a conflict between Afrasiabi and Roy P. Mottahedeh, the director of Harvard University's Center for Middle Eastern Studies (CMES). Reza Alavi, a research associate at CMES, received an anonymous hate letter describing how the writer had forced Shobhana Rana, Alavi's assistant, to withdraw $500 from Alavi's bank account.  Rana informed Alavi of this attempted extortion.  Alavi reported the incident to HUPD, which launched an investigation conducted by Officer Lauren Donahue and Detective Richard Mederos.  As a result of this investigation, Mederos obtained an arrest warrant and took Afrasiabi into custody.  When Rana, presented with an in-court photo array, was unable to identify Afrasiabi as the extortionist, he was released and charges were dropped.  When Afrasiabi next appeared at a public lecture at Harvard, he was served with a no-trespass notice signed by Harvard's Police Chief, Francis Riley, excluding him from the Harvard grounds.  This action followed.

The amended complaint in counts one and two charged Harvard (and CMES), Riley, Mederos, Donahue, Mottahedeh, Alavi and Rana with conspiring to deprive Afrasiabi of his constitutional rights, in violation of 42 U.S.C. §§ 1983 and 1985, by wrongful arrest. Count three charged Harvard, HUPD, Riley and Mederos with violating Afrasiabi's constitutional rights by excluding him from

public lectures on Harvard property.

The district court granted summary judgment to all defendants other than Alavi, Rana and Mederos on counts one and two and to the Harvard defendants on count three. Following a ten-day trial on the remaining claims, the court granted judgment as a matter of law in favor of Alavi and Rana and the jury returned a verdict for Mederos.

**Discussion**

Afrasiabi cites principally three errors on appeal: first, the grant of judgment on counts one and two to the defendants other than Mederos; second, the denial of his motion for new trial premised on the exclusion of the testimony of a handwriting expert; and third, the grant of summary judgment on his claim based on the no-trespass notice.

*1. Judgment for defendants other than Mederos on the conspiracy claims.* Afrasiabi charged the defendants other than Mederos with having conspired with Mederos to cause his wrongful arrest in violation of § 1983. The jury returned a verdict for Mederos on the substantive § 1983 claim for wrongful arrest. This verdict "fatally eviscerated" Afrasiabi's conspiracy claim against the remaining defendants based on wrongful arrest. See Earle v. Benoit, 850 F.2d 836, 845 (1st Cir. 1988) (jury's determination that State Troopers' searches and arrests of plaintiff did not violate plaintiff's civil rights "fatally eviscerated" conspiracy claims, making the erroneous directed verdict on conspiracy claims

3

harmless error).  Thus judgment for defendants on counts one and two was properly granted.

     *2. Denial of the new trial motion based on newly discovered evidence.*[1]  Afrasiabi contends that he is entitled to a new trial because the district court erroneously excluded the evidence of his handwriting expert offered on the eighth day of trial to support his contention that he was not the author of the hate letter.  The court's ruling excluding this evidence rested on Afrasiabi's failure to comply with Federal Rule of Civil Procedure 26(a)(2)(C) requiring pretrial disclosure of expert testimony. Afrasiabi contended that the envelopes on which the handwriting expert opined were not produced to him until the eve of trial, while Harvard maintained they were produced twenty months earlier. The district court in making its ruling necessarily rejected Afrasiabi's contention. Afrasiabi's proffer fell short not only because of his failure to comply with the timing requirements but also because the letter from the expert he produced failed woefully to meet the rule's formal requirements of disclosure, i.e., a signed written report by the expert stating his opinion and the reasons therefor and providing other specified information.  Given Afrasiabi's flouting of the rule, and his failure to produce the expert in court to be deposed or testify when given the opportunity by the district judge, the exclusion of the evidence was well

---

[1]Afrasiabi brought his motion under Rule 60(b).  However, because a motion for a new trial is properly brought under Rule 59, we treat it as such.

4

within the district court's discretion. See <u>Ortiz-Lopez</u> v. <u>Sociedad Espanola de Auxilio Mutuo</u>, 248 F.3d 29 (1st Cir. 2001). It follows that the denial of the Rule 60(b) motion was not an abuse of discretion. See <u>Hoult</u> v. <u>Hoult</u>, 57 F.3d 1, 3 (1st Cir. 1995).

*3. Judgment for the Harvard defendants on the no-trespass order claim.* The district court ruled that as a Massachusetts property owner, Harvard had the right to exclude the plaintiff from its property. The Massachusetts no-trespass statute entitles a property owner to summarily revoke a licensee's right to enter the premises. MASS. GEN. LAWS ch. 266 § 120 (West 2002). See <u>Alexis</u> v. <u>McDonald's Rest. of Mass.</u>, 67 F.3d 341, 350-51 (1st Cir. 1995). Afrasiabi advances several arguments: that the order sweeps too broadly by excluding him from premises of Harvard's lessees, that there is no evidence of misconduct warranting the order, that Afrasiabi has a civil right of access to Harvard, and that the implication of the order against him is defamatory. However, Afrasiabi has offered no facts evidencing a denial of his constitutional rights. Thus, on this record, defendants acted within their lawful authority in issuing the no-trespass order against Afrasiabi.

We have considered Afrasiabi's other contentions and find them to be without merit. Accordingly, the judgment is affirmed.

**<u>Affirmed</u>**.

5